UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

CARLOS FERMIN GARCIA,

        Petitioner,

      v.

MARKWAYNE MULLIN,
SECRETARY OF THE
DEPARTMENT OF HOMELAND
SECURITY, TODD BLANCHE,
ACTING DIRECTOR-ICE TODD
LYONS,  FLORIDA SOFT SIDE
SOUTH (ALLIGATOR ALCATRAZ),
GARRET RIPA,

        Respondents.

Case No. 2:26-cv-1328-KCD-DNF

_____/

## **ORDER**

Petitioner Carlos Fermin Garcia has filed a habeas corpus petition challenging his detention by U.S. Immigration & Customs Enforcement. (Doc. 1.)[1] He claims that the Attorney General is holding him without a bond hearing in violation of the Immigration and Nationality Act ("INA") and the Fifth Amendment. (*Id.* at 10-12.)[2] Respondents oppose the petition (Doc. 5.) For the reasons below, the petition is **DENIED**.

---

[1] Unless otherwise indicated, all internal quotation marks, citations, case history, and alterations have been omitted in this and later citations.

[2] The habeas petition is not paginated, so the Court uses the numbering generated by its electronic filing system.

## I. Background

Garcia is a native of Cuba who entered the United States in 1980 without inspection. (Doc. 1 ¶ 21.) A final order of removal was entered on March 31, 1999. (Doc. 5-1 at 2, 7-8.) On February 15, 2000, Garcia was released on an order of supervision. (*Id.* at 10.) He initially reported to ICE, but then became an alien fugitive absconder in 2008. (*Id.* at 2.) Garcia was taken into ICE custody on January 23, 2026. (*Id.* at 1, 10.)

## II. Legal Framework

The federal habeas statute, 28 U.S.C. § 2241, provides authority to issue writs of habeas corpus when an individual is "[i]n custody in violation of the Constitution or law or treaties of the United States." *Id.* § 2241(c)(3). "At its historical core, the writ of habeas corpus has served as a means of reviewing the legality of Executive detention, and it is in that context that its protections have been strongest." *I.N.S. v. St. Cyr*, 533 U.S. 289, 301 (2001). "Section 2241 authorizes federal courts to hear challenges to immigration detention." *Grigorian v. Bondi*, No. 25-CV-22914-RAR, 2025 WL 2604573, at *2 (S.D. Fla. Sept. 9, 2025).

## III. Discussion

Garcia argues that his due process rights have been violated because he has not been provided a bond hearing. (Doc. 1 at 11.) Not so. He is subject to a final removal order, entered in 1999. (Doc. 5-1 at 7-8.) The Immigration and

2

Nationality Act (at § 1231) requires detention of noncitizens during the removal period, which normally begins on the date the removal order becomes administratively final.

According to the only evidence before the Court, there are no pending agency proceedings relevant to Garcia's removal. The April 1999 removal order is administratively final and ready to be executed. Because he is subject to a final removal order, Garcia's detention is governed by § 1231. He is thus not entitled to release, a bond hearing, or any other habeas relief based on the claims asserted in his habeas petition, which are brought under inapplicable statutes. And his detention does not run afoul of the due process clause because he has only been detained since January 23, 2026. As the Supreme Court explained in *Zadvydas v. Davis*, the authority to detain under § 1231 does not stretch into infinity, but for the first six months, detention is presumptively reasonable. 533 U.S. 678, 701 (2001). Any claim under *Zadvydas* is premature because Garcia has not been detained for longer than six months since his removal order was reinstated.

## IV. Conclusion

Calos Fermin Garcia's Petition for Writ of Habeas Corpus (Doc. 1) is **DENIED**. The Clerk is **DIRECTED** to terminate any pending motions and deadlines, enter judgment, and close the case.

**ORDERED** in Fort Myers, Florida on May 19, 2026.

Kyle C. Dudek
United States District Judge